Per Curiam.
 

 Robert, the father, died, leaving a will in which he gave $500 to the complainant in obligations on sundry persons in Natchez whenever collected. 'The defendants and David Cartwright and Pembroke Cartwright were made executors. David and the defendants qualified January, 1810. Pembroke refused. David died. There are no debts due from the estate. And the bill states that these Natchez debts have been collected by the defendants, or one of them, and have been retained. The notes were put into the hands of an attorney for collection, as the defend
 
 *375
 
 ants say, but were not recovered. The balance of them were given by the will to Jesse; that they have not received nor authorized any person to receive them. They were payable to Jesse and Raulings. Jesse put them into the hands of an attorney, and they had no control over them, and they plead the act of limitation of three years.
 

 * Jesse Cartwright’s deposition stated a collection of $300 in the winter 1811, and $700 in the summer 1814, paid to the executors; $320 in the winter 1816, and $208.75 in notes. The notes, except about $60, were in the hands of an attorney for collection when the testator died. The attorney’s receipt was assigned to the testator in his lifetime. David, one of the executors, took his note for this money, giving him two years’ credit. He agreed with the testator to go and collect this money; but after his death did not, because he had not the receipt. His note was given to David, 14th January, 1813.
 

 The act of limitation may be laid out of the case at once; there is no law to limit a suit for a legacy; it is an equitable demand, and not barred by analogy to any action at law which is limited as to time. As to the question whether executors are liable, having not received the money till long after the filing of this bill: executors are liable at the end of two years to pay over to the legatees, unless hindered from getting in the assets by some cause not to be overcome by their industry. When such cause exists they ought to allege and prove it; otherwise the court cannot know it, and must be governed by the general law. The executors qualified in January, 1810 ; this bill was filed 14th July, 1814. If asked what hindered the collection, there is no answer to the question, except that stated in the answer concerning the great delays attending the course of judicial proceedings in the Mississippi Territory, which, however, is not supported by proof showing that a recovery could not be had from a time anterior to the death of the testator, up to July, 1814, a space of five years or more. 1 P. W. 406; 2 Br. Ch. 625; 2 E. C. Ab. 605.
 

 As to the note given to David, it was a note given by Jesse to the executors, and after the death of David received by the two surviving executors; therefore it was a note given to all, and recognized as such by *the positive receipt of the money, and so cannot raise the question how far a receipt
 
 *376
 
 by one shall charge the other, or a discharge by one from the original debt. Atk. 584; R. Ch. 316; Hard. 314; Or. C. 312; Bridge, 35; 1 P. Will. 13; P. Ch. 173; 1 P. W. 241.
 

 Decree that the $500 and interest from the death of the testator be paid to the complainant, within three months from this day and that the defendants pay the costs of this suit.
 

 See
 
 Coleson
 
 v.
 
 Blanton,
 
 3 Hay. 152, note
 
 sub fin.